IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CALVIN SMITH,

    Plaintiff,

v.

JUDGE E.M. WILKES; et al.,

    Defendants.

CIVIL ACTION NO.: 2:17-cv-137

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently an inmate at the Glynn County Detention Center in Brunswick, Georgia, brought this action under 42 U.S.C. § 1983 while incarcerated at the Appling County Detention Center in Baxley, Georgia, to challenge his conviction, sentence, and certain conditions of his confinement which occurred during his incarceration at Ware State Prison in Waycross, Georgia. Doc. 29. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1] I also **DENY** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis* in this Court. Docs. 2, 28.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due

## BACKGROUND[2]

In his Second Amended Complaint, Plaintiff realleges the same conclusory accusations as in his original Complaint and in his subsequent supplements and amendments. See Docs. 1, 11, 12, 13, 15, 16, 17, 18, 23, 25. On November 15, 2017, Plaintiff filed his initial Complaint (along with five "Statement of Claim" documents attached) and a motion to proceed *in forma pauperis*. Docs. 1, 2. The Court deferred ruling on Plaintiff's motion for leave to proceed *in forma pauperis* and directed Plaintiff to file an amended complaint concerning only claims arising from related occurrences and specifically identifying each intended Defendant, among other things. Doc. 10 at 5–6. The Court ordered Plaintiff to "only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences," to "provide only factual allegations," and to "omit all legal argument and conclusions." Id. (emphasis in original). The Court also cautioned Plaintiff that failure to abide by these instructions could result in dismissal. Id. at 6.

Plaintiff submitted an Amended Complaint on March 22, 2018 ("First Amended Complaint"). Doc. 13. Thereafter, Plaintiff filed with the Court four amendments, docs. 11, 12, 23, 25, four supplements, docs. 15, 16, 17, 18, and four letters, docs. 14, 19, 21, 22. On May 3, 2019, the undersigned directed Plaintiff to file a Second Amended Complaint, finding that Plaintiff's previous filings and allegations made it "impossible for the Court to determine what

---

to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

claims Plaintiff is attempting to assert, which Defendants he intends to sue, and what relief he is requesting." Doc. 26 at 1. Plaintiff was again instructed to submit a Second Amended Complaint, with "no more than 10 pages" attached, providing "only factual allegations" and omitting all "legal argument or conclusions," and only asserting "claims that arose from the **same transaction or occurrence or series of related transactions or occurrences**." Id. at 2 (emphasis in original). The Court gave Plaintiff "one final opportunity to cure these defects." Id. at 1–2.

Plaintiff submitted his Second Amended Complaint on May 22, 2019. Doc. 29. However, Plaintiff's allegations of fact contained therein are no more helpful to the Court than his previous filings and do not conform to the detailed set of instructions for amending his complaint. Id. Plaintiff makes a litany of vague and generalized allegations against several Defendants, including various lawyers, judges, a court system, at least one prison warden, and the Georgia Department of Corrections, all generally attacking his criminal prosecution in state court and subsequent incarceration. Plaintiff's Second Amended Complaint contains only legal conclusions, devoid of any supporting details and, for the third time, attempts to join unrelated claims against numerous Defendants. Doc. 29; see also Docs. 10, 26. Since filing his Second Amended Complaint, Plaintiff has filed several amendments, supplements, letters, and notices, all in contravention of the Court's directive to limit attachments to 10 pages. See Docs. 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and

enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

I. **Dismissal for Failure to Follow this Court's Orders**

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). "A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with a court order." Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]")

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)). Notably, "the court [is] entitled to consider . . . the long pattern of conduct which amounted to . . . several failures by plaintiffs to obey court rules and orders." Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983); Brown, 205 F. App'x at 802–03 (finding no error in dismissing without prejudice for

failure to comply with a court order when plaintiff was warned that failure to comply with the order would result in dismissal and was "given two opportunities to amend his complaint according to the court's specific instructions" but "failed to do so"); Muhammad, 561 F. App'x at 836 (11th Cir. 2014) ("Because [plaintiff's] amended complaint was very similar to his original complaint, it is clear that he did not obey the court's order to produce a pleading that complied with federal standards."); Hart v. Marlow, No. 15-21257-CIV, 2015 WL 13740729, at *2 (S.D. Fla. July 31, 2015) (dismissing for failure to follow a court order when the plaintiff "knowingly ignored the court's multiple orders instructing him on the filing requirements for his final amended complaint" and "failed to file a final, proper amended complaint"). Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. The Court provided Plaintiff with specific instructions for filing his First and Second Amended Complaints, and Plaintiff continued to fail to comply with those instructions. See Forde, 578 F. App'x at 879 (finding that pro se litigants are not excused from complying with court orders directing "the necessary contents and proper structure of [an] amended complaint" simply "by filing a complaint that states a claim against properly-named defendants"); Muhammad, 561 F. App'x at 836 ("[S]ince the district court warned [plaintiff] that his suit would be dismissed if he did not correct the complaint, and provided ample instructions on how to craft a proper pleading during this case and his previous two, it did not abuse its discretion in dismissing the case without prejudice."); Sturdivant v. Hetzel, No. CIV.A. 13-0556, 2014 WL 5323073, at *4 (S.D. Ala. Oct. 17, 2014) (dismissing without prejudice when

plaintiff's second and third amended complaints failed to comply with court directives). Despite the Court's willingness to excuse Plaintiff's procedural mistakes and to provide multiple chances for Plaintiff to submit a proper amended complaint in compliance with the Court's directives, Plaintiff still has not done so. Additionally, the Court warned Plaintiff failure to do so may result in the dismissal of his case. Doc. 10 at 6; Doc. 26 at 2.

The Court has twice given Plaintiff an opportunity to amend his Complaint to cure fundamental deficiencies, and, in doing so, provided straightforward instructions to Plaintiff on how to cure those deficiencies. See Docs. 10, 26. Plaintiff has repeatedly failed to follow the Court's clear and direct instructions. Plaintiff has demonstrated that he is unwilling to comply with this Court's orders. Moreover, Plaintiff's continued failure to comply with the Court's orders has resulted in a convoluted and incomprehensible morass of filings. Therefore, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Orders.

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim

or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I also **DENY** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis* in this Court. Docs. 2, 28.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of November, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA